**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

          **v.**                                          DOCKET  NO.  16-M-53S(Sr)

**JOSEPH CONRAD GOODE,**

          **Defendant.**

_____

## AMENDED ORDER

On April 14, 2016, the parties appeared before the Court for a detention hearing and status conference.  Assistant United States Attorney Mary C. Baumgarten appeared on behalf of the government, and the defendant appeared personally and by attorney Leslie Scott, Assistant Federal Public Defender.  During the proceedings, the United States of America moved, pursuant to Title 18, United States Code, Section 4241(a) and Federal Rules of Criminal Procedure 12.2, for a forensic mental health examination of the defendant, and in doing so, set forth a good faith basis for the relief requested with respect to the issue of the defendant's competence to proceed to trial.  The Court inquired of the counsel with respect to the motion, during which the defense requested an evaluation of the defendant's sanity at the time of the offense under Title 18, United States Code, Section 4242.  The parties thereafter stipulated to the requested relief and advised that a proposed Order would be submitted for the Court's consideration.

After having heard from both of the parties, the Court finds by a preponderance of the evidence that such a request is appropriate. Accordingly, it is hereby

**ORDERED** that the defendant undergo a psychiatric and/or psychological examination and evaluation pursuant to 18 U.S.C. § 4247(b) to determine whether the defendant is suffering from a mental disease or defect which would render him mentally incompetent such that he would be unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and it is further

**ORDERED** that the defendant undergo a psychiatric and/or psychological examination and evaluation pursuant to 18 U.S.C. § 4247(b) to determine whether the defendant was insane at the time of the offense charged; and it is further

**ORDERED** that, pursuant to 18 U.S.C. § 4247(c), a psychiatric or psychological report be prepared by the examiner and filed with the Court, with copies provided to counsel for the defendant and the government and that this report shall include:

1. the defendant's history and present symptoms;

2. a description of the psychiatric, psychological, and medical tests that were employed and their results;

3. the name of the examiner(s) and his/her (their) qualifications and their findings as to both

          competency to proceed and sanity at the time of the offense charged;

4.     the examiner's opinions as to diagnosis, prognosis and

    (A) whether the defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense; and

    (B) whether the defendant was insane at the time of the offense charged;

and it is further

**ORDERED** that, pursuant to 18 U.S.C. § 4247(b), defendant is committed to the custody of the Attorney General for a reasonable period, not to exceed 30 days, in order to accomplish the examination.  The 30-day period shall not begin to run until defendant arrives at the facility conducting the examination; and it is further

**ORDERED** that the director of the facility to which defendant is committed may apply for one reasonable extension not to exceed 15 days upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant; and it is further

**ORDERED** that upon the earlier of the completion of the examination or the expiration of the designated time period for the examination (30 or 45 days), defendant shall be transported back to the Western District of New York forthwith; and it is further

**ORDERED** that the United States Marshal shall deliver the defendant to a suitable facility to be determined by the Attorney General as promptly and expeditiously as possible so as to minimize the period during which the defendant must travel to, be confined in, and be returned from the facility where such examination will be conducted; and it is further

**ORDERED** that the other proceedings in this case are stayed pending the resolution of defendant's competency.

**SO ORDERED.**

    *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, Jr.**
**United States Magistrate Judge**

**DATED:**     **May 12, 2016**
               **Buffalo, New York**