IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                        16-M-53

JOSEPH CONRAD GOODE,

Defendant.

## PLEA AGREEMENT

The defendant, JOSEPH CONRAD GOODE, and the United States Attorney for the Western District of New York (hereinafter "the government"), hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to plead guilty to a one count Information which charges a violation of Title 21, United States Code, Section 844(a) (possession of cocaine and marijuana), for which the maximum possible sentence is a term of imprisonment of one (1) year, a fine of at least $1,000 and up to $100,000, a mandatory $25 special assessment, and a term of supervised release of one year. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to one year, without credit

for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.   The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.   that the defendant possessed a controlled substance; and

b.   that the defendant knew that the defendant possessed a controlled substance.

## FACTUAL BASIS

4.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   Between on or about April 1, 2016 and April 6, 2016, the exact dates being unknown, defendant JOSEPH CONRAD GOODE knowing possessed controlled substances, namely cocaine and marijuana, within his apartment at 147 Claudette Court, Cheektowaga, New York.

b.   On April 7, 2016, the United States Secret Service Buffalo Field Office received information that while at the Erie County Medical Center (ECMC), defendant GOODE had threatened to injure and kill Barack Obama, William Clinton, Donald Trump, Hillary Clinton, and Ted Cruz.

c.   On April 7, 2016, defendant GOODE stated to ECMC personnel that he was going to get a "high powered rifle and kill all the presidential

candidates," and that he "is the kind of person ready to snap and shoot up a public place".

d.    On April 7, 2016, defendant GOODE also made numerous statements heard by ECMC Comprehensive Psychiatric Emergency Program personnel about wanting to kill Hillary Clinton and Donald Trump.

e.    On April 7, 2016, defendant GOODE was heard by ECMC personnel stating that "Bill Clinton is only a couple hours away and I am going to fucking kill him along with Donald Trump, Ted Cruz and all of the FBI."

f.    On April 7, 2016, defendant GOODE also was heard by ECMC personnel stating that he had a sniper rifle and was going to get it when he got out of here [meaning ECMC].

g.    On April 7, 2016, defendant GOODE was heard by ECMC personnel stating that he desired to acquire a long range sniper rifle to kill the presidential candidates because he wants to "see the world burn."

h.    On April 7, 2016, defendant GOODE was heard by ECMC personnel stating that he was going to kill President Obama and Donald Trump.

i.    On April 7, 2016, defendant GOODE made numerous statements heard by ECMC personnel that he wanted to acquire a high powered rifle and kill Bill Clinton, Ted Cruz and Donald Trump.

j.    On April 7, 2016, Miranda warnings were administered to defendant GOODE by two Secret Service agents, which defendant GOODE stated that he understood, and wished to waive those rights, and to speak with the agents.  Defendant GOODE thereafter stated, among other things, that he possessed cocaine and marijuana in his apartment, and that "everything they said [meaning the ECMC personnel] was true." Additionally, as the Secret Service agents were leaving, defendant GOODE stated to the agents that "I felt like killing Trump, I felt like killing Clinton, I felt like killing Sanders but I said it out of anger."


## III.    SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

6.     Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 871.

## BASE OFFENSE LEVEL

7.     The government and the defendant agree that Guidelines § 2A6.1(a)(1) applies to the offense of conviction and provides for a base offense level of 12.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.     The government and the defendant agree that the following specific offense characteristic does apply:

a.     the 2 level increase pursuant to Guidelines § 2A6.1(b)(2)(A) (multiple threats).

## ADJUSTED OFFENSE LEVEL

9.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 14.

## ACCEPTANCE OF RESPONSIBILITY

10.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 12.

## CRIMINAL HISTORY CATEGORY

11.    It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.    It is the understanding of the government and the defendant that, with a total offense level of 12 and criminal history category of I, and taking into account the applicable statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 10 to 12 months, a fine of $5,500 to $55,000, and a period of supervised release of one (1) year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

13.    The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any

agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14.     Pursuant to Rule 11(c)(1)(C), the parties agree that sentence will not be imposed pursuant to the provisions of Title 18, United States Code, Section 3607(a) and that the defendant will not move for, request or recommend that the Court sentence the defendant in accordance with the provisions of Title 18, United States Code, Section 3607(a). A breach of this paragraph will relieve the parties of their other obligations under this agreement.

15.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

16.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea[s] or vacating of the conviction becomes final.

## V.    GOVERNMENT RIGHTS AND RESERVATIONS

17.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 16-M-53-HKS.

19.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.    APPEAL RIGHTS

20.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   TOTAL AGREEMENT AND AFFIRMATIONS

23.     This plea agreement represents the total agreement between the defendant, JOSEPH CONRAD GOODE, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

<div style="margin-left:40%">

JAMES P. KENNEDY, JR.
Acting United States Attorney
Western District of New York

BY:  _____
MARY C. BAUMGARTEN
Assistant United States Attorney

Dated: March 17, 2017
</div>

I have read this agreement, which consists of 9 pages.  I have had a full opportunity to discuss this agreement with my attorney, LESLIE SCOTT, Assistant Federal Public Defender.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
JOSEPH CONRAD GOODE
Defendant

Dated:  March 17, 2017

_____
LESLIE SCOTT, AFPD
Attorney for the Defendant

Dated: March 17, 2017